## MUNROE *v.* MERRELL.

MECHANICS' LIENS—PAYMENTS AT OWNER'S RISK.

An owner who makes payments to a contractor without requiring of him the statement as to the amount due or to become due to material men, which, under section 4 of the lien law (Act No. 179, Pub. Acts 1891), he may lawfully demand, does so at his own risk (Act No. 199, Pub. Acts 1893, § 1); and the fact that he believed at the time that moneys previously advanced by him to material men on the contractor's order had paid such claims in full will not relieve the property from a lien for the balance due, there having been no misrepresentation on the part of the claimants.

Appeal from Wayne; Steere, J., presiding. Submitted June 11, 1897. Decided June 28, 1897.

Bill by William Munroe against Joseph Merrell and another to enforce a mechanic's lien. From a decree for complainant, defendant Merrell appeals. Affirmed.

*Anderson & Rackham,* for complainant.
*James H. Pound,* for appellant.

MONTGOMERY, J.  Complainant filed a bill to enforce a mechanic's lien. The record shows that all the statutory steps were taken by complainant to preserve and perfect his lien. Defendant, however, contends that it is inequitable for complainant to be permitted to retain his lien.

The circumstances relied upon by defendant to defeat the lien are as follows: It appears that, before complainant had furnished the material which his contract called for, he obtained an order of the contractor, and presented it to defendant Merrell, the owner, and received pay upon it. Defendant says that he at that time supposed that the order took everything in, not being led to believe

otherwise, and that he thereafter guaranteed to pay for timber required to complete the building, for the reason that he found it necessary to do so, as the contractor was apparently unable to.   It is not claimed that the complainant actively misled the defendant by any false statement.   It does appear that the defendant paid moneys which went to the personal benefit of the contractor, and it further appears that he did not require of the contractor the affidavit which he is authorized by statute to call for as a condition to making payments to the contractor.   By section 1 of Act No. 199, Pub. Acts 1893, it is provided that "the risk of all payments made to the original contractor after he [the owner] shall have received the notice above mentioned, or before the contractor shall have furnished him with a statement as hereinbefore provided, shall be upon the owner."   The "statement hereinbefore provided" for is the statement of the contractor under oath, showing the number and names of subcontractors, etc.   Act No. 179, § 4, Pub. Acts 1891.   It must be held that the defendant made the payments at his own risk.

The decree sustaining the complainant's lien is affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.